# NO. 12-23-00178-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 392ND* |
| *ROBERT MILTON BEASLEY* | § | *JUDICIAL DISTRICT COURT* |
| | § | *HENDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Robert Milton Beasley filed a pro se notice of appeal from the denial of his application for writ of habeas corpus seeking a bail reduction. The Clerk of this Court notified Appellant that he is still represented by counsel, and we included counsel on the notice.

On August 25, this Court remanded the appeal to the trial court because the time to file Appellant's brief expired without a brief or motion for extension of time. We ordered that the trial court conduct a hearing to determine (1) whether the appellant still desires to prosecute his appeal; (2) whether the appellant is indigent and either needs counsel appointed, or appellant's counsel has abandoned the appeal; or (3) if the appellant is not indigent, whether a brief has not been completed because retained counsel has either abandoned the appeal or because appellant has failed to make necessary arrangements for filing a brief; and (4) when appellant's counsel anticipates that the appellant's brief, if a brief is to be filed, will be completed.

The trial court conducted said hearing on September 13, during which the following exchange occurred:

> Counsel: Judge, I spoke with Mr. Beasley. He filed this, of course, pro se because of the last bond reduction.
> Trial Court: Right.
> Counsel: Since then, I visited with him. He does not want to pursue this bond reduction. He doesn't have the money.

However, he has major medical problems. And I saw him in jail like three days ago, and I told him I would file for a medical PR bond, which we have not filed the papers for that.

Trial Court: Well, let me -- so what does -- what is the 12th? What is the appeal? Is that on the bond?

Counsel: It's an appeal on the writ that you -- or bond reduction that you denied. He did his pro se appeal.

Trial Court: Oh.

Counsel: I didn't know anything about it until the letters started coming from the [C]ourt of Appeals.

The trial court placed Appellant under oath, and another exchanged followed:

Trial Court: … Mr. Beasley, I guess you filed an appeal on your own; is that right?

Appellant: Yes, sir.

Trial Court: You were appealing this Court's ruling on your bond; is that right?

Appellant: Yes, sir.

Trial Court: … Do you still want to continue on with that appeal?

Appellant: No, Judge.

Trial Court: Is that a "no"?

Appellant: No, sir.

Trial Court: So do you want me to send a letter back to the 12th Court of Appeals stating that you have indicated you've abandoned your appeal?[1]

Appellant: Yes, sir. Due to the fact that I need to do this PR medical.

Trial Court: I understand. So you still want me to send a letter saying you have abandoned your appeal?

Appellant: Yes, sir.

Trial Court: All right. I'll do so. . . .

At any time before an appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion signed by both appellant and his counsel. TEX. R. APP. P. 44.2(a). Appellant has not filed a motion to dismiss his appeal. Nevertheless, given counsel's representations that Appellant does not want to pursue the appeal and Appellant's own such representations made during the September 13 hearing, we conclude that good cause exists to suspend the operation of Rule 42.2(a) in accordance with Rule 2. *See* TEX. R. APP. P. 2 ("On a party's motion or on its own initiative an appellate court may--to expedite a decision or for other good cause--suspend a rule's operation in a particular case and order a different procedure"); *see also* ***Salinas v. State***, No. 01-20-00300-CR, 2020 WL 5900572, at *1-2 (Tex. App.—Houston [1st Dist.] Oct. 6, 2020, no pet.) (per curiam) (mem. op., not designated for publication)

---

[1] Despite this Court's order requiring the trial court to make appropriate findings, the trial court failed to make any such written findings. The Clerk of this Court made multiple inquiries regarding the status of a supplemental clerk's record containing the trial court's findings and copied the trial court judge on at least two email inquiries. On October 5, we received a supplemental clerk's record containing a docket sheet with an entry for September 13 that states "▲ W/D appeal[.]" This docket entry is not the equivalent of written findings.

(dismissing appeal "based on appellant's statements on the record, and under oath, at the abatement hearing," finding good cause to suspend operation of Rule 42). Accordingly, we *dismiss* the appeal.

Opinion delivered October 18, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 18, 2023**

**NO. 12-23-00178-CR**

**EX PARTE: ROBERT MILTON BEASLEY**

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CV23,0301-392)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*